# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| Amanda Macomber, | ) | |
| | ) | |
| Plaintiff, | ) | 3:15-cv-254 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Yupiit School District, *et al.*, | ) | [Re: Motion at docket 19] |
| | ) | |
| Defendants. | ) | |

## I. MOTION PRESENTED

At docket 19 defendant Yupiit School District ("Yupiit") moves to dismiss three of the claims made by plaintiff Amanda Macomber ("Macomber") against Yupiit pursuant to Fed. R. Civ. P. 12(c). Macomber responds at docket 27, and Yupiit replies at docket 28. Oral argument was not requested, and it would not be of assistance to the court.

## II. JURISDICTION

Macomber's First Amended Complaint ("Complaint") alleges numerous claims against Yupiit and several individual defendants. The claims include claims arising under federal law, as well as three state law negligence claims. This court has jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331. Jurisdiction over

the state law claims exists under 28 U.S.C. § 1367, because the state law claims are so closely related to the federal law claims that they are a part of the same controversy.

### III.  BACKGROUND

Macomber was employed by Yupiit as a school teacher to work at Yupiit's school in the village of Akiachak, Alaska.  Akiachak is a remote settlement which is not on the road system.  Yupiit provided Macomber with housing in Akiachak during each of the years she taught there.  The Complaint sets out seven claims against Yupiit.  The first three are state law negligence claims, which relate to the housing provided by Yupiit and the events which transpired in that housing.  Count I alleges that Yupiit negligently breached its duty to provide safe, secure, and habitable housing; Count II alleges that Yupiit's negligent conduct rose to the level of gross negligence; and Count III alleges that Yupiit's conduct amounted to the intentional infliction of emotional distress.[1]  These three state law claims are the subject of the motion to dismiss docket 19.  In its answer, Yupiit pled several affirmative defenses, including the defense that Macomber's claims are "barred by the exclusive remedies provision of the Alaska Workers' Compensation Act, AS 23.30.010 *et seq.*"[2]

### IV.  STANDARD OF REVIEW

Rule 12(c) provides:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  For analytical purposes

---

[1]Doc. 10 at pp. 26-28.

[2]Doc. 14, at p. 19.

2

Rules 12(c) and 12(b)(6) are "substantially identical."[3] Thus, Rule 12(b)(6) cases are instructive when considering a motion made under Rule 12(c). Analysis under either rule requires the court to assume the truth of the facts pled by plaintiff and then to decide if such facts entitle plaintiff to a remedy.[4]

When reviewing a Rule 12(b)(6) or Rule 12(c) motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[5] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[6] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[7] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[8]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

---

[3] *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

[4] *Id.*

[5] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[6] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[7] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[8] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

3

has acted unlawfully." "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

## V. DISCUSSION

Under Alaska law, an employee who suffers an injury at work is entitled to be paid workers' compensation benefits regardless of whether the employer was at fault.[9] In exchange for this assured compensation, the employee's right to bring tort claims against her employer is foreclosed.[10] Yupiit argues that the facts pled in the complaint establish that Macomber's negligence claims are work-related claims for which her exclusive remedy is workers' compensation benefits. It is undisputed that Yupiit obtained Workers' Compensation Insurance for its employees.

The conditions and events giving rise to Macomber's negligence claims took place at her dwelling in Akiachak rather than at the school. For that reason, Yupiit's argument depends upon a particular aspect of Alaska workers' compensation law known as the "remote site" doctrine. The Alaska's Supreme Court has explained the rationale for the doctrine "is that everyday activities that are normally considered non-work-related are deemed a part of a remote site employee's job for workers' compensation purposes because the requirement of living at the remote site limits the

---

[9]AS 23.30.045(b).

[10]AS 23.30.055

4

employee's activity choices."[11] In the complaint, Macomber alleges that she and other teachers at Akiachak "had no other choice than to accept the housing selected and rented by Yupiit School District."[12] The complaint goes on to describe in some detail the various housing accommodations provided to Macomber by Yupiit during the time she taught school in the village. Taking Macomber's allegations as true, the court concludes that the remote site doctrine applies to Macomber's circumstances.

Attempting to avoid dismissal of the negligence claims, Macomber correctly notes that application of the workers' compensation bar requires a fact based analysis.[13] However, she then goes on to take the untenable position that the court cannot conduct that analysis using the facts pled in her complaint.[14] To the contrary, this court is required to accept Macomber's well-pleaded factual allegations as true for purposes of the pending motion.[15] Given the well-pleaded facts in the complaint, it is clear that Macomber was employed by Yupiit and that the injuries of which she complains arose out of and were suffered in the course of her employment. Nothing more is required.[16]

---

[11]*Doyon Universal Servs. v. Allen*, 999 P.2d 764, 769 (Alaska 2000).

[12]Doc. 10 at ¶ 32.

[13]Doc. 27 at p. 4.

[14]*Id*. (Yupiit's motion is "premature since this motion presumes the truth of the allegations in the First Amended Complaint and nothing establishes as a matter of uncontested fact any aspect of [Yupiit's] affirmative defense of preemption." ).

[15]*Ashcroft v. Iqbal*, 556 U.S. 662, 679 ( 2009) ("When there are well-pleaded factual allegations, a court should assume their veracity . . . .").

[16]*Devine v. Great Divide Ins. Co.*, 350 P.3d 782, 790 (Alaska 2015).

5

Macomber's reliance on the analytical model discussed in *Tolbert v. Alascom, Inc.*[17] is unavailing. In that case the employee argued that she suffered work-related injuries, but the Workers' Compensation Board denied her claim for benefits. On appeal, the Alaska Supreme Court explained that under AS 23.30.120 it is presumed that when an employee shows a link between her injury and her work, the presumption may only be overcome if the employer comes forward with substantial evidence showing that the injury was not work related. Here, the employer, Yupiit, is not contending that Macomber's injuries were not work related. It is rather Macomber who now seeks to contradict her own well-pleaded facts which show that her injuries were work related.

Macomber also argues that because the workers' compensation bar is an affirmative defense Yupiit cannot properly ask the court to address the validity of the defense in a motion to dismiss. Her argument lacks merit. The Alaska Supreme Court ruled in *Van Biene v. ERA Helicopters, Inc.* that the trial court correctly dismissed a claim based on the exclusivity defense of the workers' compensation statute pursuant to Rule 12(b)(6).[18]

---

[17] 973 P.2d 603 (Alaska 1999).

[18] 779 P.2d 315, 317 (Alaska 1989).

6

## VI.  CONCLUSION

For the reasons above, the motion at docket 19 is GRANTED.  Counts I, II, and III are dismissed with prejudice.

DATED this 12th day of May 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE